UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re MCGEHEE. | Case No. 25-cv-06570-JST<br><br>**ORDER OF DISMISSAL** |

On or about August 5, 2025, Plaintiff filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. That same day, the Clerk of the Court informed Plaintiff that his complaint was deficient because he had not signed it as required by the Federal Rules of Civil Procedure. ECF No. 4. The Court instructed Plaintiff that if he did not correct this deficiency by September 2, 2025, the action would be dismissed without prejudice. *Id.* The Clerk also sent Plaintiff a notice that his case had been assigned to a magistrate judge and sent Plaintiff a form to indicate whether he consented to magistrate judge jurisdiction. ECF No. 5. On August 25, 2025, the Court's August 5, 2025 deficiency notice and magistrate judge assignment notice were returned to the Court as undeliverable, with the notation that Plaintiff was no longer in custody. ECF No. 6.

N.D. Cal. Civil L.R. 3-11 provides that the Court may, without prejudice, dismiss a complaint when: (1) court mail addressed to the *pro se* party has been returned to the court as not deliverable, and (2) the Court fails to receive within 60 days of this return a written communication from the *pro se* party indicating a current address. *See* N.D. Cal. Civil L.R. 3-11(b). More than sixty days has passed since court mail addressed to Plaintiff was returned as undeliverable. Accordingly, the instant action is DISMISSED without prejudice pursuant to N.D. Cal. Civil L.R. 3-11. Because the dismissal is without prejudice, Plaintiff may move to reopen

1   this action.  Any motion to reopen this action must be accompanied by a signed complaint.
2   Judgment is entered against Plaintiff.  The Clerk shall close the case.
3   **IT IS SO ORDERED.**
4   Dated:  October 28, 2025



JON S. TIGAR
United States District Judge

2